IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald Greene, | ) | C/A No.: 1:15-1265-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Andy Strickland; Jodie Taylor; Matthew Walker; David Matthews; and Colleton County Sheriff's Office, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Donald Greene ("Plaintiff"), proceeding pro se and in forma pauperis, is a pre-trial detainee incarcerated at Colleton County Detention Center. He filed this action pursuant to 42 U.S.C. § 1983 against Colleton County Sheriff's Office ("CCSO"), Colleton County Sheriff Andy Strickland ("Strickland"), CCSO Captain Jodie Taylor ("Taylor"), and Colleton County Public Defenders David Matthews ("Matthews") and Matthew Walker ("Walker") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to CCSO, Matthews, and Walker.[1]

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

I.      Factual and Procedural Background

Plaintiff alleges that he is subject to a group punishment that has him confined in his cell for 24 hours one day per week, and for 23 hours six days per week. [ECF No. 1 at 3]. Plaintiff claims that he is not given an opportunity to get at least one hour of daily, outside, physical exercise. *Id.* Plaintiff argues that Strickland and Taylor have "lock[ed] [him] down without a disciplinary hearing." *Id.* Plaintiff states that he is not permitted to call his family or his attorney, watch the news, read a newspaper, or possess a radio. *Id.* at 4. Plaintiff claims that Strickland and Taylor have stopped "all communication to the press." *Id.* Plaintiff contends that he is locked down in inhumane living conditions and claims that he is housed in a cell without a working ventilation system and exposed to rust, dust, black and green mold, and showers that "are not clean for week[s] at a time." *Id.* Plaintiff also states that he is forced to eat his meals in his cell. *Id.*

Plaintiff further claims that Walker was appointed to represent him in his criminal proceedings, but that Walker has not responded to any of his correspondence or requests for a speedy trial. *Id.* Plaintiff argues that Walker and Matthews[2] have caused him oppressive incarceration prior to trial. *Id.* at 5. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 6.

II.     Discussion

   A.      Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

---

[2] Matthews is the Chief Public Defender for Colleton County.

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

3

B.     Analysis

    1.     CCSO

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).[3] Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. Sheriffs' departments in South Carolina are considered state agencies. *See Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at *1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county."). Because CCSO is a state agency that is entitled to immunity, the undersigned recommends it be summarily dismissed.

---

[3] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

        2.      Colleton County Public Defenders Matthews and Walker

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). Plaintiff alleges that Matthews and Walker have failed to provide him with effective legal representation. As the performance of traditional legal functions does not constitute state action under § 1983, Matthews and Walker are entitled to summary dismissal from this case.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process as to CCSO, Matthews, and Walker.

      IT IS SO RECOMMENDED.

April 22, 2015                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).